**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kathy Grismore, Pro Se, | ) | No. CV-06-0506-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Credit Bureau Central, Inc., John Doe aka Jon Snow, | ) | |
| Defendants. | ) | |

  This matter arises on Defendant's Response to OSC (docket # 45) and Plaintiff's Motion for Sanctions and To Expedite Settlement Conference (docket # 46).

  After reviewing and considering all the pleadings and orders related to the two foregoing matters, the Court will not impose any sanctions on defense counsel or her client for counsel's carelessness in failing to read and comply with the Court's August 3, 2006 settlement conference order that required, among others, that Defendant's settlement conference memorandum not be filed with the Clerk. While good cause certainly has not been shown, neither the Court nor Plaintiff has sustained any undue prejudice by such non-compliance except, of course, for the time this Court has spent rectifying counsel's error. Moreover, since the settlement conference was previously rescheduled due to Defendant's agent's plane purportedly being delayed through no fault of the representative and the settlement conference was rescheduled to October 18, 2006, the settlement conference memoranda may be considered by the Court and adverse party at that time. The Court

1  expects all parties to be physically present promptly at **1:30 p.m. on October 18, 2006** in
2  Courtroom 302 and to comply with the mandates of the August 3, 2006 settlement
3  conference order. Defendant's representative shall plan her travel itinerary to accommodate
4  reasonable flight delays to ensure the settlement conference starts on time as scheduled.

5  The Court also perceives that neither Plaintiff, a *pro se* litigant, nor defense
6  counsel is familiar with practicing in federal court. References by both to the undersigned
7  as a "magistrate" are incorrect. Congress changed the formal title of United States Magistrate
8  to United States Magistrate Judge in the Judicial Improvement Act of 1990, effective
9  December 1, 1990. Section 321 of Pub. L. No. 101-650; §102, 104 Stat. 5089, 5116, as set
10 out as a note under 28 U.S.C. § 631; *United States v. Steelwright*, 179 F.Supp. 2d 567, 569
11 n.3 (D. Md. 2002). Thus, a magistrate judge may be appropriately called judge or magistrate
12 judge but not as magistrate. The official title was changed because it "[was] believed [it
13 would] 'help educate attorneys and litigants about the magistrate judges' status as
14 authoritative judicial officers within the federal courts.'" *In re 4330 N. 35th St.*, 142 F.R.D.
15 161, 165 (E.D.Wis.1992) (quoting Christopher Smith, *From U.S. Magistrate to U.S.*
16 *Magistrate Judges*, 75 Judicature 210, 212 (1992)).

17 Plaintiff and defense counsel are reminded that the Standards for Professional
18 Conduct apply to both of you. See, www.azd.uscourts.gov, click on Attorney Information,
19 click on Attorney Admission Information, and click on Standards for Professional Conduct.
20 This includes the obligations to, among others, "treat all [] counsel, parties [] in a civil and
21 courteous manner [] in all written and oral communication[]" and "abstain from disparaging
22 personal remarks or acrimony toward [] counsel, parties . . . ." *Id*. at ¶ 1 and ¶ 2. LRCiv
23 83.3(c)(1) (Local Rules apply to pro se litigants) and LRCiv 83.1(e) (sanctions).

24 Accordingly,

25 **IT IS ORDERED** that the September 25, 2006 Order to Show Cause is hereby
26 **DISCHARGED**.

27 **IT IS ORDERED** that Plaintiff's Motion for Sanctions and To Expedite
28 / / /

1 | Settlement Conference (docket # 46) is **DENIED**.

DATED this 10th day of October, 2006.

Lawrence O. Anderson
United States Magistrate Judge